# Conway to use *v.* Fire Insurance Co.

[FEBRUARY 24, 1844.]

The person to whose use an action is brought, is competent to make the affidavit necessary on an appeal from an award of arbitrators.

THIS was a motion to strike off an appeal from an award of arbitrators.. The affidavit was taken and recognizance entered into by Carter, the *cestui que use.*

*T. I. Wharton*, for the rule, argued that the act of assembly required the party, his agent or attorney, to make the affidavit, and that it was not competent for Carter to do so.

*Rawle*, contra.

KENNEDY, J., decided that the *cestui que use* was competent to make the affidavit, and the rule was discharged.*

---

* The oath on an appeal from award may be administered by the deputy of the prothonotary, in virtue of a general parol· delegation. *Reigart* v. *M'Grath*, 16 S. & R. 65. And where the record shows that the writ was signed by a clerk of the prothonotary, the court is bound to take notice that he was the deputy, and had authority to administer the oath on appeal from an award. *Drumheller* v. *Mumaw*, 9 Barr 19. A person sued in representative character, as an administrator, is not exempted from making the usual affidavit on an appeal from an award. *M'Connel* v. *Morton*, 1 Jones 398.